UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:09-cr-124-WTL-KPF-1 |
| ) | |
| STEVEN L. HUNTER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### ENTRY ON MOTION TO MERGE CONVICTIONS

A jury found the Defendant, Steven Hunter, guilty of two counts of violating Title 18, United States Code, Sections 922(g)(1) and 924(e). After the verdict was read, the Defendant expressed his intent to file a post-trial Motion to Merge Convictions (Docket No. 108). This motion is now fully briefed, and the Court being duly advised, **GRANTS** the Defendant's motion for the reasons set forth below.

### I. BACKGROUND

The Defendant was charged by way of a Superseding Indictment with two counts of violating Title 18, United States Code, Sections 922(g)(1) and 924(e). Count One charged Hunter with possession of "at least one round of .38 caliber ammunition." Docket No. 44 at 1. Count Two charged him with possession of a firearm – specifically "a Smith & Wesson, .38 caliber revolver, serial number D866399." *Id*. at 2.

Prior to trial, Hunter moved to dismiss the Superseding Indictment on the grounds that the Government impermissibly charged one crime in two counts. Relying on *United States v. Conley*, 291 F.3d 464, 470 (7th Cir. 2002), and *United States v. Oliver*, 683 F.2d 224, 232 (7th Cir. 1982), the Court denied that motion.

At trial, after the verdicts were read, the Court indicated that it would entertain briefs on the "merger" argument. Hunter now argues that his convictions should be merged because "it is impossible to know whether the jury convicted Mr. Hunter on Count One because of the ammunition in his pocket or the ammunition in the firearm." Docket No. 108 at 2.

## II.  DISCUSSION

The Seventh Circuit has repeatedly addressed the "intended unit of prosecution for Section 922(g)(1)." *United States v. Buchmeier*, 255 F.3d 415, 421 (7th Cir. 2001). In *Buchmeier*, the court cited previous caselaw and "conclude[d] that a convicted felon found to be in possession of both a firearm and ammunition could only be charged with one violation . . . if the government 'could not show that the ammunition and revolver were acquired at different times.'" *Id*. at 422 (quoting *United States v. Oliver*, 683 F.2d 224, 232 (7th Cir. 1982)). The Seventh Circuit's "decisions indicate that . . . when a defendant's possession of multiple firearms is simultaneous and undifferentiated, the government may only charge that defendant with one violation . . . regardless of the actual quantity of firearms involved." *Id*. "[T]hese decisions also suggest that the government may charge an individual with multiple violations . . . where it can produce evidence demonstrating that the firearms were stored or acquired separately and at different times or places." *Id.* at 423.

Perhaps the clearest statement of the law in the Seventh Circuit is found in *Oliver*. There, the Court stated that because "[t]he Government . . . failed to show that the ammunition and revolver were acquired at different times" and because "[t]here is . . . nothing to suggest that these items were stored at different places," the defendant's conduct could not support two separate counts. *Oliver*, 683 F.2d at 232-33; *see also United States v. Parker*, 508 F.3d 434, 440

2

(7th Cir. 2007) (stating that "a single incident of possession of a firearm *and* ammunition cannot support multiple convictions under § 922").

In the instant case, the Government failed to present evidence demonstrating that Hunter's firearm and ammunition were stored or acquired separately. It is impossible to know whether Hunter was convicted on Count One based on the ammunition found in his pocket or based on the ammunition in the loaded handgun. Accordingly, the convictions are merged.

## **CONCLUSION**

For the foregoing reasons, the Defendant's Motion to Merge Convictions (Docket No. 108) is **GRANTED**.

SO ORDERED:   04/21/2010

*[signature]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana


Copies to:

A. Brant Cook
United States Attorney's Office
brant.cook@usdoj.gov

William E. Marsh
Indiana Federal Community Defenders
bill.marsh@fd.org

Matthew Rinka
United States Attorney's Office
matthew.rinka@usdoj.gov

Doneaka Rucker-Brooks
Law Office of Doneaka Brooks
doneakabrooks@yahoo.com

U.S. Marshals Service

U.S. Probation Office