UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN HUNTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:16-cv-01652-WTL-TAB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255,
DENYING MOTION FOR COUNSEL, AND
DENYING A CERTIFICATE OF APPEALABILITY**

For the reasons explained in this Entry, the motion of Steven Hunter for relief pursuant to 28 U.S.C. § 2255 must be **denied** and this action **dismissed with prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

### I.   § 2255 Standard

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The scope of relief available under § 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

## II. Background

On March 24, 2010, after a jury trial, Mr. Hunter was convicted in the United States District Court for the Southern District of Indiana of possessing ammunition and a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). *USA v. Hunter*, No. 1:09-cr-00124-WTL-KPF-1 (hereinafter "Crim. Dkt."), Dkt. No. 105 (S.D. Ind. March 24, 2010). The Court concluded that he was subject to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on five Indiana robbery convictions and one Indiana criminal confinement conviction, all of which arose from a bank robbery and a one-day crime spree. *United States v. Hunter*, 418 Fed. Appx. 490, 492 (7th Cir. 2011) (citing *Hunter v. Clark*, 906 F.2d 302, 303 (7th Cir. 1990)). The Court "calculated a guidelines imprisonment range of 262 to 327 months, and sentenced Hunter below that range to 216 months." *Id.*

Mr. Hunter appealed his conviction and sentence, although his attorney later filed a motion to withdraw, asserting that the appeal was frivolous pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967). *Id.* The Seventh Circuit found that (1) the district court appropriately merged the two counts for possession of a firearm and ammunition instead of granting Mr. Hunter's pretrial motion to dismiss the indictment as multiplicitious; (2) the district court did not err in allowing the prosecutor's cross-examination of Mr. Hunter regarding his prior felony convictions; (3) the district court did not commit reversible error in refusing to instruct the jury on the defensive theory of necessity; and (4) the district court did not err in sentencing Mr. Hunter as an armed career criminal. *Id.* at 492-94. As to the last issue, the Seventh Circuit held that Mr. Hunter's argument that his underlying felony convictions were "committed on occasions different from one another" was frivolous because "although the crimes occurred on the same day, Hunter actually robbed five different victims, at different times, in different locations." *Id.* at 493-94. The Seventh Circuit

concluded that "the underlying crimes were not simultaneous, but instead sequential, and that Hunter had ample time to withdraw from his crime spree before each successive crime." *Id.* at 494. The Seventh Circuit also discussed whether the district court erred by "relying on the description of the crime spree in the presentence report." *Id.* The Seventh Circuit held:

> When seeking to classify a prior conviction, the sentencing judge is limited to the terms of the charging document, the terms of a plea agreement or transcript or colloquy between judge and defendant, or to some comparable judicial record of the information, and generally must not consider the particular facts disclosed by the record of conviction. *See James v. United States*, 550 U.S. 192, 202 (2007); *Shepard v. United States*, 544 U.S. 13, 17 (2005). When determining whether prior offenses were committed on "different occasions" under § 924(e), though, courts may rely on undisputed sections of the presentence report. *See United States v. Harris*, 447 F.3d 1300, 1305-06 (10th Cir. 2006); *United States v. Thompson*, 421 F.3d 278, 285 (4th Cir. 2005). Therefore, Hunter's challenge would be frivolous. And in any event, if challenged, we would take judicial notice of the details of the crime spree reflected in prior judicial decisions, as *James* and *Shepard* would permit: *Hunter v. Clark*, 934 F.2d 856, 858 (7th Cir. 1991); *Hunter v. Clark*, 906 F.2d 302, 303 (7th Cir. 1990); *Hunter v. State*, 656 N.E.2d 875, 876 (Ind. App. 1995).

*Id.* at 494.

On May 8, 2012, Mr. Hunter filed a motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255, alleging, among other issues, that he was erroneously sentenced as an armed career criminal. Crim. Dkt. 171; *see also Hunter v. USA*, 1:12-cv-00621-WTL-DKL (S.D. Ind.). The Court denied his motion, including his armed career claim, explaining that "[t]his challenge was considered and rejected in Hunter's direct appeal and need not be revisited." Crim. Dkt. 173 at 9 (citing *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995). The Seventh Circuit denied his request for a certificate of appealability. *Hunter v. USA*, No. 13-2255 (7th Cir. Feb. 10, 2014).

Mr. Hunter also challenged his armed criminal career designation in two motions to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Crim Dkt. 159; Crim. Dkt. 175. The Seventh

3

Circuit affirmed the Court's denial of his first motion to reduce his sentence. Crim. Dkt 172; *Hunter v. USA*, No. 12-1221 (7th Cir. Mar. 21, 2013). The Seventh Circuit summarily affirmed the Court's denial of second motion to reduce his sentence. Crim. Dkt. 186; *Hunter v. USA*, No. 14-1350 (7th Cir. Mar. 31, 2014).

In 2015, the Supreme Court in *Johnson* held that the so-called residual clause of the ACCA was unconstitutionally vague. *Johnson v. United States*, 135 S.Ct. 2551, 2563 (2015). The Seventh Circuit has summarized *Johnson*'s impact on the ACCA:

> The [ACCA] . . . classifies as a violent felony any crime that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another". The part of clause (ii) that begins "or otherwise involves" is known as the residual clause. *Johnson* holds that the residual clause is unconstitutionally vague.

*Stanley v. United States*, 827 F.3d 562, 564 (7th Cir. 2016). *Johnson*'s holding is a new rule of constitutional law that the Supreme Court made retroactive in *Welch v. United States*, 136 S. Ct. 1257 (2016). *See Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016).

On June 16, 2016, Mr. Hunter filed an application with the Seventh Circuit seeking authorization to file a successive motion to vacate under § 2255 limited to a claim under *Johnson*. On June 23, 2016, the Seventh Circuit granted the application and authorized the Court to consider Mr. Hunter's *Johnson* claim. *Hunter v. USA*, No. 16-2539 (7th Cir. June 23, 2016).

### III. Discussion

Mr. Hunter seeks relief pursuant to § 2255 arguing that (1) his prior felony convictions are not predicate offenses in view of the Supreme Court decision under *Johnson* (Dkt. No. 1; Dkt. No. 2; Dkt. No. 8 at 9-12) ("*Johnson* claim"), and (2) his prior felony convictions were not "committed on occasions different from one another" under the ACCA in view of the Supreme Court's decisions under *Taylor v. United* States, 495 U.S. 575 (1990), and *Shepard v. United States*, 544

4

U.S. 13, 16, 26 (2005) (Dkt. No. 8 at 3-9) ("*Shepard* claim"). The United States argues that the Court is only authorized by the Seventh Circuit to consider Mr. Hunter's *Johnson* claim, which was foreclosed by the Seventh Circuit's holding in *United States v. Duncan*, 833 F.3d 751, 752 (7th Cir. 2016). Dkt. No. 17 at 3-4. In reply, Mr. Hunter concedes that *Duncan* forecloses his *Johnson* claim, Dkt. No. 18 at 5, but reiterates that his multiple convictions should not count as separate criminal episodes, focusing again on his assertion that the Court failed to rely on *Shepard*-approved sources. *Id.* at 5-15. Mr. Hunter asserts that *Johnson* gave him "the opportunity to have this Court to closely review whether [his] 1984 offenses were proven to be committed on occasions different from one another, and not simultaneously." *Id.* at 15-16.

As Mr. Hunter has conceded, his *Johnson* claim regarding his Indiana robbery convictions was foreclosed on August 12, 2016, when the Seventh Circuit decided *Duncan*. In *Duncan*, the Seventh Circuit held that "[a] conviction for robbery under the Indiana statute qualifies under the still-valid elements clause of the ACCA definition of violent felony." 833 F.3d at 752. Because *Johnson* is applicable only to the residual clause of the ACCA, and not the elements clause, *Johnson* provides no relief to Mr. Hunter.

As to his *Shepard* claim, a claim that the Court and Seventh Circuit have repeatedly denied, the Seventh Circuit did not authorize the Court to consider such a claim. Such permission is required by 28 U.S.C. § 2244(b)(3)(A). Mr. Hunter is simply mistaken that the Seventh Circuit's permission to file a successive motion on his *Johnson* claim opened the door to any and all claims. *See Holt v. United States*, 843 F.3d 720, 722-23 (7th Cir. 2016) (rejecting an attempt to raise claims under *Mathis* and *Haney* when the petitioner was only permitted to raise claims under *Johnson* and *Welch*). "A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies

the requirements of this section." 28 U.S.C. § 2244(b)(4). Mr. Hunter fails to show that his claim, based on *Shepard,* relies on a new rule of constitutional law. Accordingly, the Court dismisses his *Shepard* claim.

Even if the Court could consider his *Shepard* claim, Mr. Hunter already raised this issue on appeal, and thus any arguments on this issue are foreclosed by the law of the case. *See Fuller v. United States*, 398 F.3d 644, 648 (7th Cir. 2005) ("In the context of § 2255 petitions, the law of the case doctrine dictates that once this court has decided the merits of a ground of appeal, that decision establishes the law of the case and is binding on a [court] asked to decide the same issue in a later phase of the same case, unless there is some good reason for reexamining it.) (internal citations and quotations omitted). The Seventh Circuit previously rejected Mr. Hunter's *Shepard* claim. *Hunter*, 418 Fed. Appx. at 493-94. Mr. Hunter does not identify any new or good reason for reexamining the Seventh Circuit's holding. Thus, relief is not available to Mr. Hunter on this ground.

*Johnson* does not apply to grant relief to Mr. Hunter for his conviction as an armed career criminal. Mr. Hunter was properly convicted and sentenced as an armed career criminal and is not entitled to any relief in this action. The motion for relief pursuant to § 2255 is **denied.**

### IV. Denial of Motion for Counsel and Request for Evidentiary Hearing

Mr. Hunter requests an evidentiary hearing to determine whether he committed three violent felonies simultaneously or on different occasions in 1984. Dkt. No. 8 at 14; Dkt. No. 18 at 15. An evidentiary hearing is "not required when 'the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Lafuente v. United States*, 617 F.3d 944, 946 (7th Cir. 2010) (quoting 28 U.S.C. § 2255(b)). That is the case here. A hearing is not warranted under these circumstances.

6

Mr. Hunter's requests for appointment of counsel pursuant to § 3006A, Dkt. No. 8 at 13-14 and Dkt. No. 18 at 1, are **denied**. The reasons for this ruling are the following: the petitioner has the means (writing materials, etc.) to present his claims; the petitioner is literate and has demonstrated he is fully aware of the proceedings involving his conviction and sentence; and the petitioner has submitted comprehensible filings and fully availed himself of the Court's processes. Additionally, it has been determined that an evidentiary hearing will not be required in this case. These are not circumstances in which it is in the interest of justice to appoint counsel for the petitioner. *See* 18 U.S.C. 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28.").

## V.     Conclusion

For the reasons explained in this Order, Mr. Hunter is not entitled to relief on his § 2255 motion. His conviction and sentence are not unconstitutional. Accordingly, his motion for relief pursuant to § 2255 is **denied** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and the clerk shall **docket a copy of this Entry in No. 1:09-cr-00124-WTL-KPF-1.** The motion to vacate shall also be **terminated** in the underlying criminal action.

## VI.     Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Hunter has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether [this Court] was correct in

its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 8/23/18

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

STEVEN HUNTER
09251-028
ENGLEWOOD - FCI
ENGLEWOOD FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
9595 WEST QUINCY AVENUE
LITTLETON, CO 80123

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov